# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN FRISBIE, Individually and on Behalf of All Other Persons Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) **COLLECTIVE AND CLASS**<br>) **ACTION COMPLAINT** |
| v. | )<br>) Jury Trial Demanded |
| TOP LINE RESTAURANTS, INC., TOP LINE MANAGEMENT, LLC, FEAST FOODS, LLC, FEAST AMERICAN DINERS, LLC, and REVEILLE MANAGEMENT, LLC, | )<br>) Civil Action No.<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## INTRODUCTION

Plaintiff JOHN FRISBIE, individually and on behalf of all others similarly situated, through counsel, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff and other current and former Assistant Managers, and similarly situated current and former employees holding comparable positions but different titles (collectively "AMs"), employed by Defendants in the United States, who worked more than 40 hours in any given workweek at any Denny's restaurant owned by Defendants in the United States, from three years before the date this Complaint was filed until the entry of judgment in this matter, and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) ("FLSA Collective" or "Collective").

2. This action also seeks to recover unpaid overtime compensation under the New York Labor Law, Article 19 §§ 650, et seq. ("NYLL") for Plaintiff and other current and former AMs who worked more than 40 hours in any workweek at any Denny's restaurant owned by Defendants in New York State, from six years before the date this Complaint was filed until the entry of judgment in this matter, pursuant to Fed. R. Civ. P. 23 (the "NY Class").

## THE PARTIES

### I. *Plaintiff*

3. Plaintiff John Frisbie ("Plaintiff") is an individual residing in Waverly, New York.

4. During all relevant times, Plaintiff was employed by Defendants as an AM at the Denny's restaurant located in Horseheads, New York.

5. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

### II. *Defendants*

6. Defendant Top Line Restaurants, Inc. is a corporation existing under the laws of New York, with its headquarters located in Chandler, Arizona.

7. Defendant Top Line Management, LLC is a corporation existing under the laws of Arizona, with its headquarters in Chandler, Arizona (together, with Defendant Top Line Restaurants, Inc., "Top Line"). Top Line operates 14 Denny's restaurants, all located in the state of New York.

8. Defendant Reveille Management, LLC is a corporation existing under the laws of New York, with its headquarters located in Chandler, Arizona ("Reveille").

9. Defendant FEAST Foods, LLC is a corporation existing under the laws of Delaware with its headquarters located in Murrieta, California.

10. Defendant Feast American Diners, LLC is a corporation existing under the laws of Delaware with its headquarters in Murrieta, California (together, with Defendant FEAST Foods, LLC, "FEAST"). FEAST operates 24 Denny's restaurants nationwide, including 17 in the State of New York.

11. In September 2015, Top Line and/or Reveille sold 24 Denny's franchises to FEAST, including the restaurant that employs Plaintiff. Of the 24 restaurants included in the transaction, seven are located in Arizona and 17 are located in New York.

12. At all times relevant herein, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all times relevant herein, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all times relevant herein, Defendants have each been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Defendants have had (and have) a gross volume of sales, made or done business in an amount of at least $500,000.

15. At all times relevant herein, Plaintiff and all similarly situated AMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

18. Upon information and belief, Defendants regularly conduct business in this District.

19. Defendants are subject to personal jurisdiction in this District.

20. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as AMs (the "FLSA Collective" or "Collective") at any time from three years from the date of filing this Complaint until the entry of judgment in this case (the "Collective Action Period").

22. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other AMs.

23. There are many similarly-situated current and former AMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to members of the Collective pursuant to 29 U.S.C. § 216(b).

24. The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## NY CLASS ALLEGATIONS

25. Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to prosecute his NYLL claims as a class action on behalf of all persons who are, or were, formerly employed by Defendants in New York State as AMs (collectively, the "NY Class") at any time from six years from the date of filing this Complaint until entry of judgment in this case (the "Class Action Period").

26. The persons in the NY Class are so numerous and geographically dispersed that their joinder is impracticable.

27. Plaintiff's claims are typical of the claims of the NY Class. He is an adequate representative to fairly prosecute the interests of the Class, and has retained competent counsel to advance the interests of the NY Class. And, there are questions of law and fact common to the NY Class, which predominate over any questions solely affecting the individual members of the NY Class, including but not limited to:

    a. whether Defendants have a policy of misclassifying ASMs as "exempt" employees and denying them overtime compensation;

    b. whether Defendants failed to keep true and accurate time records for all hours worked by the NY Class;

    c. what proof of hours worked is sufficient when employers fail in their duty to maintain true and accurate time records;

    d. whether Defendants have failed and refused to pay the NY Class overtime wages for hours worked more than forty (40) hours per work week within the meaning the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor

Regulations, 12 N.Y.C.R.R. Part 142;

        e.    the nature and extent of the class-wide injury and the appropriate measure of damages for the Class;

        f.    whether Defendants are liable for damages claimed in this matter, including but not limited to compensatory, punitive and statutory damages, interest, costs, disbursements, and attorneys' fees; and

        g.    whether Defendants have acted or refused to act on grounds generally applicable to the NY Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NY Class as a whole.

28.    A class action in superior to other methods of adjudicating the NYLL misclassification claims set forth in this case.

## FACTUAL ALLEGATIONS

29.    Defendants employed Plaintiff, the Collective, and the NY Class as AMs.

30.    Plaintiff, the Collective, and the NY Class performed work as AMs that was integrated into the normal course of Defendants' business.

31.    Consistent with Defendants' policy, pattern and practice, Plaintiff, the FLSA Collective, and the NY Class regularly worked in excess of 40 hours per workweek without being paid premium overtime wages, in violation of the FLSA and/or the NYLL.

32.    Plaintiff worked on average 50 to 70 hours per week and was not paid overtime compensation for the hours he worked in excess of 40. For example, during the week of July 11, 2016, Plaintiff worked more than 50 hours and was not paid overtime compensation.

33.    Defendants assigned the work AMs performed, and are aware of the work that they have performed.

34. AMs' work required little skill and no capital investment. The primary duties of AMs did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

35. Regardless of the restaurant in which they worked, AMs performed the same primary job duties: preparing food, helping customers, bussing tables, cleaning the restaurant, labelling and rotating food product, and checking inventory.

36. Throughout the Collective Action and NY Class Periods, the primary job duties of Plaintiff, the members of the Collective, and the members of the NY Class did not include: hiring, firing, disciplining, directing the work of other employees, and exercising meaningful independent judgment and discretion.

37. The primary job duties of Plaintiff, members of the Collective, and members of the NY Class, did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's, the Collective's, and the NY Class' working hours.

38. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified all AMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from the overtime provisions of the FLSA and NYLL.

39. Upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of AMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and NYLL.

40. Defendants established labor budgets to cover labor costs for the restaurants in which Plaintiff and similarly situated AMs worked. The wages of Defendants' restaurant-level employees were deducted from the labor budgets. However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each restaurant. Defendants knew or recklessly disregarded the fact that the underfunding of restaurant labor budgets resulted in Plaintiff and other similarly situated AMs (who were not paid overtime) working more than 40 hours in a workweek without receiving any additional overtime compensation, which allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, restaurant-level employees.

41. Defendants knew, by virtue of the fact that management-level employees actually saw Plaintiff and other similarly situated AMs perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets the amount of money available to pay non-exempt employees to perform such work was limited (and, ultimately, insufficient). Defendants knew that Plaintiff and other similarly situated AMs were performing the work of non-exempt employees and, based on their actual job duties, AMs did not fall within any FLSA or NYLL exemptions. Defendants acted willfully and/or recklessly in failing to classify Plaintiff and other similarly situated AMs as non-exempt employees.

42. Defendants' unlawful conduct, as described above, was willful or in reckless disregard of the FLSA and NYLL, and was accomplished through Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA and NYLL.

43. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA and NYLL with respect to AMs. This policy, pattern, and practice includes, but it is not limited to:

   a. willfully misclassifying Plaintiff, the Collective Action Members, and the NY Class, as exempt from the requirements of the FLSA and the NYLL;

   b. willfully failing to pay Plaintiff, the Collective Action Members, and the NY Class, overtime wages for hours they worked in excess of 40 hours per week; and

   c. willfully failing to provide enough money in their restaurant-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing AMs to perform such non-exempt tasks.

44. Defendants' willful violations of the FLSA and the NYLL are further demonstrated by the fact that during the course of the Collective Action and the NY Class Periods, and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiff, the Collective, and the NY Class. Defendants acted recklessly or in willful disregard of the FLSA and the NYLL by instituting a policy and/or practice that did not allow Plaintiff to record all hours worked.

45. During the Collective Action Period, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as required by the FLSA. This failure to post or keep posted a notice explaining the minimum wage and overtime wages was willful and/or in reckless disregard of the Plaintiff's and other similarly situated AMs' rights under the FLSA.

46. Due to the foregoing, Defendants' failure to pay overtime wages for work performed by the Collective and the NY Class in excess of 40 hours per workweek was willful and/or reckless, and has been widespread, repeated, and consistent.

### FIRST CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime Wages
### On Behalf of Plaintiff and the FLSA Collective

47. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiff, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

49. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

50. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

51. The overtime wage provisions, set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendants.

52. At all relevant times and continuing to the present, Defendants had a policy and practice of refusing to pay overtime compensation to their AMs and similarly-situated employees in comparable positions but holding different titles for all hours worked in excess of 40 hours per workweek.

53. As a result of Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek,

Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

54. As a result of Defendants' willful failure to record, report, credit, and compensate their employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

55. As a result of Defendants' policy and practices that minimized labor costs by underfunding labor budgets, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

56. Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendants' actual knowledge, through their managerial employees and agents, that the primary duties of the Plaintiff and the Collective Action Members was manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were exempt job duties constituted their primary job duties, Defendants instituting a policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, and Defendants' failure to post and keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew, or showed reckless disregard for the fact, that their conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

57. As a result of Defendants' FLSA violations, Plaintiff on behalf of himself and the

Collective Action Members, is entitled (a) to recover from Defendants unpaid overtime wages, (b) to recover from Defendants an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) to recover from Defendants their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

58. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime Wages
### On Behalf of Plaintiff and the NY Class

59. At all relevant times, Plaintiff and the NY Class Members were employees of Defendants, and Defendants were an employer within the meaning of the NYLL.

60. Defendants misclassified Plaintiff and NY Class Members as exempt from the overtime provisions of the NYLL and failed to pay them overtime for hours worked in excess of 40 in a workweek.

61. Plaintiff and NY Class Members consistently worked more than 40 hours in a workweek without being paid overtime compensation.

62. Plaintiff and NY Class Members are entitled to unpaid overtime and liquidated damages under the NYLL, as well as all other relief provided by law.

## PRAYER FOR RELIEF

Plaintiff seeks the following relief on behalf of himself and all others similarly-situated:

A. Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated

persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

B. Certification of this action as a class action under Fed. R. Civ. P. 23 on behalf of the NY Class Action Members;

C. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and NYLL, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

D. Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

E. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

F. An injunction under the NYLL requiring Defendants to cease their unlawful practices;

G. An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA and NYLL;

H. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

I. An award of prejudgment and post-judgment interest;

J. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees, and an award of a service payment to the Plaintiff; and

K. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff, the Collective Action Members, and the NY Class demand a trial by jury on all questions of fact raised by the Complaint.

Dated: April 28, 2017    By:

/s/

Seth R. Lesser
Fran L. Rudich
Christopher M. Timmel
**Klafter Olsen & Lesser LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220
Email: seth@klafterolsen.com
         fran@klafterolsen.com
         christopher.timmel@klafterolsen.com

Drew Legando*
**Landskroner Grieco Merriman LLC**
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
Tel: (216) 522-9000
Fax: (216) 522-9007
Email: drew@lgmlegal.com

Nicholas A. Migliaccio
Jason S. Rathod *
**Migliaccio & Rathod LLP**
412 H Street, NE, Suite 302
Washington, D.C. 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
Email: nmigliaccio@classlawdc.com
         jrathod@classlawdc.com

* *Pro hac vice* application forthcoming

***Attorneys for Plaintiff, the Collective and the NY Class***