UNITED STATES DISTRICT COURT
WESTERN  DISTRICT OF NEW YORK

JOHN FRISBIE, on behalf of himself and
others similarly situated,

                                            Plaintiff,

            vs.                                                      **ANSWER**

TOP LINE RESTAURANTS, INC., TOP LINE            **6:17-cv-06270-FPG**
MANAGEMENT, LLC, FEAST FOODS, LLC,
FEAST AMERICAN DINERS, LLC and
REVEILLE MANAGEMENT, LLC,

                                            Defendants.

Defendants, FEAST FOODS, LLC and FEAST AMERICAN DINERS, LLC (together, "Defendants"), as and for their Answer to Plaintiff's Complaint, by their attorneys, Underberg & Kessler LLP, respectfully state the following:

1.       Admit the allegations contained in paragraphs 10 and 18 of Plaintiff's Complaint.

2.       Deny the allegations contained in paragraphs 4, 22, 23, 24, 26, 27, 28, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 49, 52, 53, 54, 55, 56, 57, 58, 60, 61 and 62 of Plaintiff's Complaint.

3.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 6, 7, 8 and 9 of Plaintiff's Complaint.

4.       Defendants admit that paragraphs 1 and 2 contain the named Plaintiff's description of the action he seeks to pursue, and the recovery he seeks and on whose behalf, to which no response is required.   To the extent a response is required, Defendants deny the allegations in paragraphs 1 and 2 and that they violated any law or engaged in any unlawful conduct that could give rise to a claim.

5.     Defendants deny the allegations contained in paragraphs 5 and 50 of Plaintiff's Complaint, except that Plaintiff's consent to become a party has been previously filed with the Court.  Further answering, Defendants deny that they violated any law and that they engaged in any unlawful conduct that could give rise to a claim.

6.     With regard to paragraph 11 of Plaintiff's Complaint, Defendant Feast American Diners, LLC admits the allegations and Defendant Feast Foods, LLC denies those allegations in full.

7.     Paragraph 15 of Plaintiff's Complaint contains a conclusion of law which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 15 and that they violated any law or that they engaged in any unlawful conduct that could give rise to a claim.

8.     Defendants admit that the named Plaintiff purports to invoke the jurisdiction of this Court pursuant to the provisions cited in paragraphs 16, 17, 19 and 20 of Plaintiff's Complaint.  Defendants assert that the allegations in paragraphs 16, 17, 19 and 20 all contain conclusions of law and do not call for a response.  Further, answering Defendants deny that they violated any law and that they engaged in any unlawful conduct that could give rise to a claim.

9.     Defendants admit that paragraph 21 of Plaintiff's Complaint contains the named Plaintiff's description of the collective action he seeks to pursue and on whose behalf, to which no response is required.   To the extent a response is required, Defendants deny the allegation in paragraph 21 that they violated any law, that it engaged in any unlawful conduct that could give rise to a claim and that the named Plaintiff is similarly situated to the current and/or former employees of the proposed collective action.

10.     Paragraph 25 of Plaintiff's Complaint contains a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 25 and that they violated any law or that they engaged in any unlawful conduct that could give rise to a claim.

11.     Defendants deny the allegations in paragraph 29 of Plaintiff's Complaint, except admits that the named Plaintiff worked as an assistant manager.

12.     Paragraphs 12, 13, 14, 47, 48, 51 and 59 of Plaintiff's Complaint contain conclusions of law to which no response is required.  To the extent responses are required, Defendants deny the allegations in paragraphs 12, 13, 14, 47, 51 and 59 and that they violated any law or that they engaged in any unlawful conduct that could give rise to a claim.

13.     With regard to paragraph 33 of Plaintiff's Complaint, Defendant Feast American Diners, LLC admits that it assigned work consistent with the job description and individual needs of the restaurant and staff, but otherwise denies the remainder of the allegations contained in paragraph 33 of Plaintiff's Complaint, and Defendant Feast Foods, LLC denies it in full.

14.     Deny any and all allegations not heretofore admitted, denied or controverted.

## FIRST AFFIRMATIVE DEFENSE

15.     The claims are barred, in whole or in part, and/or recovery precluded by the pertinent statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

16.     Plaintiff lacks standing to bring claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law and any other statute referenced in the Complaint.

3

## THIRD AFFIRMATIVE DEFENSE

17.     Any damages requested by the Plaintiff are offset by the culpable conduct of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

18.     Defendants did not willfully or recklessly commit any alleged violation of any federal or state law and/or corresponding regulations.

## FIFTH AFFIRMATIVE DEFENSE

19.     The conduct of Defendants in its dealings with Plaintiff was in accordance with federal and state laws.

## SIXTH AFFIRMATIVE DEFENSE

20.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

21.     This action is not a proper class or collective action, and cannot be properly certified as such.

## EIGHTH AFFIRMATIVE DEFENSE

22.     This action cannot be maintained as a collective action as it fails to meet the requirements of 29 U.S.C. §216(b) and applicable federal case law and New York labor law.

## NINTH AFFIRMATIVE DEFENSE

23.     Plaintiff's alleged damages were not caused by any unlawful policy, custom, practice and/or procedure promulgated and/or permitted by Defendants.

**TENTH AFFIRMATIVE DEFENSE**

24.    The named Plaintiff cannot bring this action in a representative capacity because he is not similarly situated to the persons whom he purports to represent in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

25.    Defendants oppose collective and class action certification and dispute the propriety of collective or class treatment of this action.  If the Court certifies a collective or class action in this case over Defendants' objections, then Defendants assert the applicable denials and affirmative defenses set forth herein against each and every member of the certified class and collective action.

**TWELFTH AFFIRMATIVE DEFENSE**

26.    This action cannot be maintained as a Rule 23 class action or a collective action under the FLSA because Plaintiff's allegations require individualized inquiry.  Such individual analyses predominate over common questions which defeats the utility and legality of a purported collective action or class action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

27.    This action cannot be maintained as a Rule 23 class action because the named Plaintiff is not a proper representative.

**FOURTEENTH AFFIRMATIVE DEFENSE**

28.    This case is not appropriate for class certification under Rule 23 because the named Plaintiff's claims are not typical of the claims of the alleged putative class.

## FIFTEENTH AFFIRMATIVE DEFENSE

29.     This case is not appropriate for class certification under Rule 23 because the facts and law common to the case are insignificant compared to the individual facts and issues particular to the named Plaintiff and the alleged putative class members.

## SIXTEENTH AFFIRMATIVE DEFENSE

30.     This case is not appropriate for class certification under Rule 23 because the named Plaintiff cannot demonstrate that the class is so numerous that joinder of all putative members is impracticable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

31.     Collective action and/or class action treatment is not superior to other available methods for the fair and efficient adjudication of the claims of the named Plaintiff and the putative collective and class action members.

## EIGHTEENTH AFFIRMATIVE DEFENSE

32.     To the extent applicable, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims which precede the federal statute of limitations, on the ground that as to those, there is no federal question or other federal subject matter jurisdiction.

## NINETEENTH AFFIRMATIVE DEFENSE

33.     Plaintiff and the putative collective action and class action members are barred from recovering any damages, or any recovery must be reduced by virtue of their failure to exercise reasonable diligence to mitigate their alleged damages.

### TWENTIETH AFFIRMATIVE DEFENSE

34.    Plaintiff fails to provide any dates for the workweeks for which compensation is claimed and the number of hours worked per week in sufficient detail to state a claim and permit Defendants to prepare responsive pleadings.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

35.    Plaintiff has not sustained damages as alleged.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

36.    Assuming, *arguendo*, that Plaintiff sustained any damages, he has failed to mitigate them as required by law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

37.    Plaintiff's causes of action are barred in whole or in part by doctrines of waiver, laches and/or estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

38.    Plaintiff's causes of action are barred in whole or in part by the doctrine of unclean hands.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

39.    The Complaint fails to state a claim upon which an award of attorneys' fees and/or liquidated damages can be granted.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

40.    At all times relevant, Plaintiff's employer acted in good faith on reasonable grounds and with reasonable belief that it was in full compliance with the FLSA and all state statutes and/or regulations applicable to this action.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

41.    At all times relevant, Plaintiff's employer acted in good faith on reasonable grounds and with reasonable belief that it was in full compliance with the New York Labor Law and other statutes and/or regulations applicable to this action.

42.    Defendant's actions toward Plaintiff were at all times fair, in good faith, for good cause and in accordance with all federal, state and local laws.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

43.    Plaintiff's claims are barred in whole or in part by accord and satisfaction.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

44.    Any and all wages owed to Plaintiff have been paid in full.  Plaintiff's claims are barred in whole or in part by payment.

**THIRTIETH AFFIRMATIVE DEFENSE**

45.    Plaintiff's claims are barred, in whole or in part, because no managerial agent acting within the scope of his or her employment on behalf of Defendant authorized, requested, commanded, performed or recklessly tolerated the commission of any wrongdoing alleged in the Complaint.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

46.    Plaintiff's claims are barred, in whole or in part, because Plaintiff at all times during his employment was paid the correct and proper wage in accordance with the prevailing state and/or federal wage rates.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

47.    Defendant FEAST FOODS, LLC never employed Plaintiff or any alleged class members and is, therefore, not a proper party.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

48.    The claims are barred in whole or in part to the extent Defendant FEAST AMERICAN DINERS, LLC was not an "employer" at the relevant time(s).

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

49.    The claims are barred, in whole or in part, because Plaintiff has failed to comply with all procedural requirements for maintaining this action.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

50.    The claims are barred, in whole or in part, because Plaintiff and others who are purportedly similarly situated are exempt from coverage under the FLSA and the New York Labor Law and are therefore not entitled to overtime compensation.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

51.    The claims are barred, in whole or in part, by the equitable doctrine of avoidable consequences.

Defendants reserve the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to the claims and/or to amend this Answer to the Complaint.

**WHEREFORE**, Defendants, FEAST FOODS, LLC and FEAST AMERICAN DINERS, LLC, demand judgment:

(a)    dismissing Plaintiff's Complaint;

(b)    granting Defendants' attorneys' fees and costs; and

(c)    for such other and further relief which as to the Court may seem just and proper.


Dated:  June 30, 2017                              Respectfully submitted,

                                                   ___*s/ Paul F. Keneally*_____
                                                   Paul F. Keneally, Esq.
                                                   UNDERBERG & KESSLER LLP
                                                   300 Bausch & Lomb Place
                                                   Rochester, New York 14604
                                                   Email: pkeneally@underbergkessler.com

                                                   *Attorneys for Defendants,*
                                                   *Feast Foods, LLC and*
                                                   *Feast American Diners, LLC*