KLAFTER OLSEN & LESSER LLP
ATTORNEYS AT LAW
TWO INTERNATIONAL DRIVE • SUITE 350 • RYE BROOK, NY 10573
914-934-9200 • FAX 914-934-9220 • www.klafterolsen.com

March 25, 2019

**VIA ECF**
Hon. Jonathan W. Feldman
United States Magistrate Judge
2330 U.S. Courthouse
100 State Street
Rochester, New York 14614

Re: *John Frisbie et al. v. Top Line Restaurants, Inc., et al.*
6:17-cv-06270 (FPG-JWF)

Dear Judge Feldman,

Along with co-counsel, we represent the Plaintiffs in the above-referenced matter. Pursuant to We the leave granted by Your Honor in the Decision and Order dated February 8, 2019 (ECF No. 57), and on the record at the oral argument for Plaintiffs' motion for notice and conditional certification of a collective action of individuals employed as Restaurant Managers by Top Line Restaurants, Inc. and Top Line Management, LLC (collectively "Top Line") at any time from April 28, 2014 to the present, Plaintiffs by this letter motion renew that motion and are simultaneously refiling their prior moving papers, docketed at ECF Nos. 47-1 – 47-11 and 52 (attached, respectively, as Exhibits A-1 through A-11 and B). In further support of this motion and pursuant to the leave granted by the Court, Plaintiffs are supplementing the prior moving papers with four additional declarations from putative collective members, all of whom worked for Top Line during the collective action period in either New York or Arizona (the location of the restaurants at issue) (attached as Exhibits C through F).

Without again briefing the issues in their entirety, Plaintiffs respectfully submit these declarations provide more than enough additional testimony to meet the requisite standard for notice and conditional certification. These four additional declarations satisfy the core question Your Honor presented at the February 8, 2018 hearing: "how many" collective members are needed to meet the modest factual showing to support the existence of a common de-facto policy requiring assistant managers to perform non-



exempt tasks as their primary duty, even under the standard in the cases relied upon by Top Line.[1] (This is all in addition to the other evidence presented by Plaintiff, including corporate admissions, documents, and other procedures and policies, *see* Pl's Mem (ECF No. 47-1) at 3-8). Collectively, the testimony in the four declarations, plus the testimony submitted by Plaintiffs Frisbie and Russell, describe the RM experience at over a dozen different Top Line-operated Denny's Restaurants – and in each, the experience was materially and substantially the same.

Should Your Honor require additional briefing or explication, Plaintiffs would be pleased to provide it but, consistent with the colloquy at the February 8 argument as to refiling the motion, Plaintiffs are now just providing the attached declarations as additional factual support for their motion.

Respectfully Yours,

Seth R. Lesser

[1] That is assuming these cases are correct, but as to which, as Your Honor is aware, Plaintiffs submit they are erroneous in requiring a showing of the ultimate merits issues in the case, contrary to the overwhelming majority of Second Circuit case law. *See* Pls' Mem. (ECF No. 47-1) at 12-15 (citing cases); Pls' Reply Mem. (ECF No. 52) at 3-6 (citing cases). Since even the standard in these cases is met, Plaintiffs will forbear from providing yet many additional decisions, including, specifically, those that have criticized Top Line's relied-upon cases.

