UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN FRISBIE, *et al., etc.*<br><br>　　　Plaintiffs<br><br>　*v.*<br><br>TOP LINE RESTAURANTS, INC., *et al.*<br><br>　　　Defendants | Case No. 6:17-cv-06270 |

---

**PLAINTIFF'S REPLY TO TOP LINE'S OPPOSITION (DOC. 65)**
**TO PLAINTIFF'S SUBMISSION OF EVIDENCE (DOC. 61)**
**IN FURTHER SUPPORT OF HIS MOTION**
**FOR CONDITIONAL CERTIFICATION (DOC. 47)**

---

## I.　NOTICE SHOULD ISSUE TO A CONDITIONALLY-CERTIFIED COLLECTIVE

Plaintiff John Frisbie claims Defendant Top Line misclassified him as exempt from overtime under the Fair Labor Standards Act. *See* Doc. 1, Complaint. He moved for notice to issue to a conditional collective of Restaurant Managers who worked at Top Line's New York and Arizona Denny's restaurants. *See* Doc. 47, Motion for Conditional Certification. In support of that motion, he submitted two bundles of evidence: (1) corporate documents and Rule 30(b)(6) testimony that showed RMs were all given the same job description, the same training, and the same corporate policies and procedures; and (2) testimony from his own deposition and that of an early opt-in, Rebecca Russell, which described an RM's primary duties as non-managerial. *See* Doc. 47-1, Memo. in Support of Conditional Certification Motion, pp. 2-8 and Exhibits.

Because preliminary certification is conditional, the plaintiff's burden is "lenient" and "modest," such that courts "typically grant conditional certification." *See Myers v. Hertz Corp.,* 624 F.3d 537, 554-55 (2d Cir. 2010) (describing two-step certification process); *Hinterberger v. Catholic Health Sys.,* 2009 U.S. Dist. LEXIS 97944, at \*13 (W.D.N.Y. Oct. 20, 2009) (discussing modest factual showing); *Shucker v. Flowers Foods, Inc.,* 2017 U.S. Dist. LEXIS 136178, at \*7

(S.D.N.Y. Aug. 24, 2017) (observing the high frequency of certification).  And cases with similar bundles of evidence—corporate documents showing a uniform job description and policies applied to the position at issue, and a handful of declarations from people who worked in the position showing similar experiences at various locations—have been certified on multi-state and nation-wide bases time and time again.  *See, e.g., Ferreira v. Modell's Sporting Goods, Inc.,* 2012 U.S. Dist. LEXIS 100820, at *5-6 (S.D.N.Y. July 16, 2012) (corporate documents, several declarations).

At oral argument, however, this Court expressed concern that Frisbie had not submitted enough evidence about RMs who worked in locations other than those in which he and Russell worked.  *See* Exhibit 1, Hearing Transcript, pp. 36 ("I think there's available information for you to make the modest showing.  I don't think you've made it right now[.]").  So the Court provided Frisbie an opportunity to present additional evidence.  *Id.* at 62 ("If you wanted to supplement the record by getting other affidavits."), *id.* at 34 ("an opportunity to show that there is a *de facto* policy that goes beyond Horseheads and Painted Post").

Frisbie submitted four additional declarations from RMs who worked in other locations, who each testified that their working experiences were, like Frisbie and Russell, primarily non-managerial: Henry Diaz (Casa Grande, Arizona), Christina Buckles (Phoenix, Arizona), Peter Dietzman (Syracuse, New York), and Debra Ross (Rochester, New York).  *See* Doc. 61, Evidentiary Submission, pp. 1-2 and Exhibits.

Thus, Frisbie has presented evidence from RMs who worked in six different Top Line stores, geographically distributed, and representing both states in which the company operates— this is **nearly 20%** of Top Line's 31 current locations.  *Cf.* Ex. 1, Hearing Transcript at 26 (the Court asked, "In this case, how many do you need … 10% [of stores]?  20%?  5%"); *see also id.* at 27 (defense counsel conceding that "one [declaration] from Arizona would help [meet the standard], one from other locations in New York would help").  Frisbie had also presented evidence about three other locations, *id.* at 28 (the Court observed, "We got [evidence from]

Painted Post, we've got Horseheads, we've got three Albany stores."), which, if credited, would bring the evidentiary coverage to **nearly 30%** of Top Line's stores.

Therefore, Frisbie has satisfied this Court's concerns that the *de facto* policy about which he complains was company-wide, such that conditional certification of a company-wide collective is appropriate in this case.

## II.    THE COURT SHOULD DISREGARD TOP LINE'S BRIEFING (DOC. 65)

During the hearing, at which the Court provided Frisbie an opportunity to supplement the record with additional *evidence*, his counsel asked whether the Court wanted additional *briefing*. The Court said it did not.  *Id.* at 68 (Plaintiff's Counsel: "[D]o you really want full briefing on it again?"  The Court: "I don't.  You can refile the same briefs[.]").

Frisbie followed that instruction, submitted a two-page letter introducing the four additional declarations into the record and renewing his motion.  Top Line, however, then filed an 11-page brief re-arguing the case.  The Court should disregard Top Line's brief (Doc. 65) and decide the case on the original papers with the benefit of the additional evidence.[1]

Respectfully submitted,

_____

Seth R. Lesser
Fran L. Rudich
Christopher M. Timmel
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
T. (914) 934-9200
F. (914) 934-9220
E. seth@klafterolsen.com
   fran@klafterolsen.com
   christopher.timmel@klafterolsen.com

---

[1] If the Court were to review Top Line's briefing, Frisbie would respond as follows: in none of the cases in the minority line that Top Line cites did the plaintiffs submit evidence anywhere near as substantial as Frisbie's here, which covers 20-30% of all locations.

Drew Legando (0084209)
Jack Landskroner (0059227)
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@lgmlegal.com
   jack@lgmlegal.com

Nicholas Migliaccio
Jason Rathod
MIGLIACCIO & RATHOD LLP
412 H Street NW, Suite 302
Washington, DC 20002
T. (202) 470-3520
E. nmigliaccio@classlawdc.com
   jrathod@classlawdc.com

*Counsel for Plaintiffs*

## **PROOF OF SERVICE**

A copy of this document was served by email on counsel of record on May 9, 2019, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Signed by,

_____

Seth R. Lesser