UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN FRISBIE, et al., On Behalf of Themselves and
All Other Persons Similarly Situated,
             Plaintiff,

                        Case # 17-cv-6270-FPG-JWF
v.

                        DECISION AND ORDER

FEAST AMERICAN DINERS, LLC, et al.,
             Defendants.
_____

## INTRODUCTION

Plaintiff John Frisbie, on behalf of himself and all others similarly situated,[1] commenced this putative class and collective action to recover allegedly unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law, Article 19, § 650, et seq. ("NYLL"). *See* ECF No. 1. Plaintiffs allege that they are or were Assistant Restaurant Managers ("RMs") at Denny's restaurants in New York and Arizona that were operated by Defendants Feast American Diners, LLC ("Feast") and Top Line Restaurants, Inc.[2] (collectively, "Defendants"). According to Plaintiffs, Defendants misclassified RMs as exempt from overtime pay even though their primary duties were not managerial in nature and they overwhelmingly performed non-exempt tasks. Plaintiffs assert that they worked in excess of 40 hours per week and, as a result of their alleged misclassification, are entitled to overtime wages.

After engaging in mediation, Plaintiffs and Feast (the "Parties") reached a settlement agreement. They now move for preliminary approval of that settlement agreement. ECF No. 64. For the reasons that follow, the Parties' self-styled "Joint Motion for Settlement and Preliminary

---

[1] Since the filing of the complaint, multiple putative class members have consented to becoming plaintiffs in this action. ECF Nos. 72, 73, 81-87. Therefore, the Court will refer to the named plaintiffs collectively as "Plaintiffs."

[2] This motion does not affect Plaintiffs' claims against Defendant Top Line Restaurants, Inc.

1

Approval and Notice of Settlement" is DENIED WITHOUT PREJUDICE.

## DISCUSSION

"Preliminary approval of a settlement agreement requires only an 'initial evaluation' of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties." *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179–80 (S.D.N.Y. 2014). "Preliminary approval of a class action settlement, in contrast to final approval, is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607–08 (W.D.N.Y. 2011) (quoting other sources). A proposed settlement should therefore be approved if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Id.* (quoting another source).

The Parties' "motion" does not meet this low standard and it suffers from several significant defects. First, it does not even attempt to comply with Local Rule of Civil Procedure 7 and is therefore not a proper motion. Local Rule 7 requires that parties file a notice of motion and memoranda of law. The Parties supply neither. Instead, they submitted a "joint letter," which fails to clearly articulate what relief they seek. That joint letter asks the Court to "grant this Motion by entering the proposed approval order" but the Parties do not attach any such proposed order. *See* ECF No. 64.

Second, the "motion" is silent as to whether it seeks conditional class certification under Federal Rule of Civil Procedure ("Rule") 23 or collective action certification under the FLSA. This is odd because typically parties seeking preliminary approval of a settlement agreement also

seek conditional certification of the class that will benefit from the settlement agreement.  *See* 4 Newberg on Class Actions § 13:10 (5th ed.) ("First, the parties present a proposed settlement to the court for so-called 'preliminary approval.'  If a class has not yet been certified, typically the parties will simultaneously ask the court to 'conditionally' certify a settlement class.").

Plaintiffs' complaint references class action certification under Rule 23 and collective action certification under the FLSA and the settlement agreement contemplates that funds will be distributed to "settlement collective action members." ECF No. 64 at 3.  Yet the Parties never ask the Court to conditionally certify any such class for purposes of settlement.  Nor do they ever define precisely who is in the putative class or collective.  The Parties also fail to set forth *any* argument as to how the putative class here meets the standards for conditional certification under Rule 23 or the FLSA.

Third, based on the information before it, the Court is not satisfied by the Parties' proposal for releasing claims and providing notice to putative class or collective members.  The joint letter indicates that "there are 65 individuals encompassed by the settlement" and "each of the settlement collective members will be directly paid their proportionate share." ECF No. 64 at 3.  As a result, "there are no claim forms necessary and, rather, the settlement check will constitute their consent to the settlement and effectuate their release of claims." *Id.*  In essence, the settlement agreement seems to contemplate that no notice will be sent to putative class members prior to finalization of the settlement, allowing no putative class members an opportunity to object to the settlement before it is too late for them to do so.  A putative class member's only recourse to avoid being bound by the settlement would be to decline to cash the settlement check.  Although some district courts in this circuit have approved such clauses, at least one district court has rejected a similar proposed structure, finding that "[a] putative collective action member cannot object to the FLSA

settlement—even at the final hearing—because they have not yet opted into the case. They only opt into the case when they endorse the settlement check, which the employee receives *after* the hearing is held." *Douglas v. Allied Universal Sec. Servs.*, 381 F. Supp. 3d 239, 241 (E.D.N.Y. 2019) (emphasis in original). The Parties' joint letter does not address any of these concerns.

Finally, as the Parties seem to acknowledge in their joint letter, Plaintiffs do not supply any support for their attorneys' fee request. "While a court can award attorney's fees based on either the lodestar calculation—the hourly rate times the number of hours worked—or a percentage of the settlement award, '[c]ounsel must provide a factual basis for a fee award, typically with contemporaneous time records.'" *Douglas v. Allied Universal Sec. Servs.*, 371 F. Supp. 3d 78, 84–85 (E.D.N.Y. 2019), *reconsideration denied*, 381 F. Supp. 3d 239 (E.D.N.Y. 2019) (quoting *Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014)). That one-third of the common fund is "well-recognized to be the overwhelmingly proper amount in FLSA class and collective action settlements" (ECF No. 64 at 4), is simply not enough. The Court has a fiduciary duty to putative class members that it cannot adequately fulfill without scrutinizing counsel's time records.

## CONCLUSION

For the foregoing reasons, the Parties' motion (ECF No. 64) is DENIED WITHOUT PREJUDICE. Any renewed motion shall include a memorandum of law with supporting authority addressing the issues the Court identified above.

IT IS SO ORDERED.

Dated: November 12, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court