**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

599 Lexington Ave, Fl 17
New York, New York 10022
Telephone: 212-492-2500
Facsimile:  214-987-3927
www.ogletree.com

Matthew P. Gizzo
214.313.2806
matthew.gizzo@ogletree.com

February 10, 2020

**VIA ELECTRONIC CASE FILING**
**AND COURTESY COPY TO CHAMBERS**

Hon. Mark W. Pedersen
United States Magistrate Judge
United States District Court
Western District of New York
2330 U.S. Courthouse
100 State Street
Rochester, NY 14614

> RE:  *John Frisbie v. Top Line Restaurant, Inc., et al.*
> Case No. 6:17-cv-06270

Dear Judge Pedersen:

As you know, the undersigned represents Top Line Restaurant, Inc., Top Line Management, LLC, and Reveille Management, LLC (collectively, "Top Line") in the above-referenced matter. Please allow this correspondence to outline why Top Line believes that individual discovery, rather than representative discovery, is appropriate in this particular collective action under the Fair Labor Standards Act (the "FLSA").

Individualized discovery in this matter is appropriate in light of the comparatively few plaintiffs that have opted into the FLSA collective during the notice period and the highly individualized nature of the particular issues presented in this matter. As the Court is aware, plaintiffs' initial Motion for Conditional Certification was denied. However, plaintiffs ultimately prevailed on their renewed motion after submitting additional affidavits from other Restaurant Managers. During the proceedings on plaintiffs' conditional certification motions, it became clear that the Restaurant Manager position as intended and described in its job description is properly classified as exempt. However, plaintiffs nonetheless contest the classification on a *de facto* basis, meaning that in practice Restaurant Managers were not performing the duties of the job as anticipated and therefore are improperly classified. Thus, the classification question in this case is highly fact-sensitive. It depends on each Restaurant Manager's particular circumstances and experiences in the position at the particular location(s) at which he or she worked. Accordingly, the specific deposition testimony of each Restaurant Managers will be critical to the decertification

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston
Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh
Richmond ▪ St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

analysis, which turns on whether the Restaurant Managers are similarly situated, and to the merits determination regarding their individual classifications. Conceivably, the outcome of the merits determination could be different for each Restaurant Manager, depending on his or her individual experiences. In fact, the Court need only consider the factual differences between plaintiff Frisbie's and plaintiff Russell's deposition testimony to recognize the importance of individualized discovery in this matter. For example, Ms. Russell expressed a strong understanding of the expected job duties and responsibilities of the position, and a strong sense of responsibility for the overall success of the restaurant, as well as her meaningful role in hiring, firing, and disciplining employees, whereas Mr. Frisbie appeared to lack a strong understanding of his duties and responsibilities, denied any sense of responsibility for the restaurant's success, and suggested his role in hiring, firing, and disciplining employees was minimal. Mr. Frisbie also denied any responsibility for managing employees' schedules, which Ms. Russell specifically identified as one of Mr. Frisbie's primary responsibilities, which he did in fact perform. Indeed, Top Line intends to move for decertification of the conditionally certified class at the close of this second phase of discovery based on the factual differences between the Restaurant Managers that, Top Line believes, will come to light during discovery.

While Top Line recognizes that courts have fashioned representative discovery in ***appropriate*** FLSA collective actions for purposes of efficiency and economy, such representative discovery is not necessary here, in part, given the rather few opt-in plaintiffs. Typically, courts that have required representative discovery have been presented with a far greater number of opt-in plaintiffs than those presented here—*i.e.* "when the number of opt-in plaintiffs is approaching **_200_**." *Strauch v. Computer Scis. Corp.*, No. 3:14 CV 956(JBA), 2015 WL 540911 at *3 (D. Conn. Feb. 10, 2015) (emphasis added). However, "in an FLSA collective action where the plaintiff class is *small* and the discovery is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA, ***individualized discovery is often permitted***." *Daniel v. Quail Intern., Inc.*, No. 3:07–CV–53 (CDL), 2010 WL 55941, at *1 (D. Conn. Jan. 5, 2010) (emphasis added). Such is the case here.

Here, only **_19_** individuals have opted-in. This is far less than the number of opt-ins in other cases where courts (both within this Circuit and beyond) have ordered the full range of individualized discovery against all opt-in plaintiffs as party plaintiffs under the Federal Rules of Civil Procedure. *See, e.g.*, *Abubakar v. City of Solano*, No. 06–2268, 2008 WL 508911, 2008 U.S. Dist. LEXIS 17456, at *10 (E.D. Cal. Feb. 22, 2008) (allowing individual discovery of approximately **_160_** opt-ins); *Ingersoll v. Royal & Sunalliance USA, Inc.*, No. 05–CV–1774 (MAT), 2006 WL 2091097 at *2 (W.D. Wash. July 25, 2006) (permitting individualized discovery of all **_34_** opt-ins); *Coldiron v. Pizza Hut, Inc.*, No. 03–5865, 2004 WL 2601180, 2004 U.S. Dist. LEXIS 23610, at *5–7 (C.D. Cal. Oct. 25, 2004) (allowing individual discovery of all **_306_** opt-in plaintiffs); *Krueger v. New York Telephone Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995) (permitting discovery addressed to all **_152_** opt-in plaintiffs); *Rosen v. Reckitt & Colman, Inc.*, No. 91–cv–1675, 1994 WL 652534 (S.D.N.Y.1994) (allowing individual discovery of **_49_** opt-ins); *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1188 (E.D. Va. 1991) (allowing discovery of all 127 opt-ins); *Kaas v. Pratt & Whitney*, No. 89–8343, 1991 WL 158943 (S.D. Fla. 1991) (authorizing individual discovery of all **_100_** opt-in plaintiffs).

Hon. Mark W. Pedersen
February 10, 2020
Page 3

  Permitting individualized discovery of all opt-in plaintiffs in this case is further supported by the fact that the 19 opt-in plaintiffs worked at 16 different Top Line locations. Restaurant Managers at different locations undoubtedly had different experiences based on, among other things, different employees at each location, different General Managers at each location, and different sales volumes and clientele at each location. As a result, if Top Line is not entitled to depose each of the 19 opt-in plaintiffs, it should be entitled to depose at least one opt-in plaintiff from each of the 16 different restaurant locations at which the opt-ins worked.

  Moreover, "a party seeking to avoid or limit discovery based on burdensomeness [(as plaintiffs do here and as is the purpose behind representative discovery in the first instance)] . . . **has the duty to come forward with evidence or affidavits to show the nature and extent of the burden**." *Forauer v. Vt. Country Store, Inc.*, No. 5:12–cv–276, 2014 WL 2612044 at *7 (D. Vt. June 11, 2014) (internal quotation marks and citation omitted). Here, plaintiffs have submitted no evidence as to why depositions of all opt-in plaintiffs would be too burdensome in this instance. Indeed, "[p]laintiffs can hardly be heard to complain about the cost, burden and difficulties associated with defendants' discovery when they chose to pursue an extensive class . . . [and] knew 'what they were in for' when they filed the case." *Goodman v. Burlington Coat Factory Warehouse Corp.*, 292 F.R.D. 230, 233 (D.N.J. 2013) (considering the scope of discovery in a case where the plaintiffs conditionally certified a class of 572 Assistant Store Managers located around the United States). Additionally, this case does not present significant geographic burdens on the parties in relation to deposition travel, as most opt-ins (aside from one in Arizona) are located in a few general regions of upstate New York—unlike other FLSA collective actions in which opt-in plaintiffs have been dispersed throughout the country. Beyond that, plaintiffs have provided no information during the parties' discussion regarding the appropriate scope of discovery as to what would constitute a statistically significant number of depositions for purposes of representative discovery in this case, let alone any colorable basis for same.

  Notwithstanding the foregoing, at the very least, Top Line should be permitted the ten depositions to which it is entitled under Federal Rule of Civil Procedure 30. It bears mentioning that plaintiffs balked at this suggestion during the parties' discussions regarding the appropriate scope of phase two discovery.

  The undersigned is available to answer any questions that the Court may have or provide any further clarification the Court may require. We thank the Court for its continued time and attention to this matter.

          Sincerely,

          Matthew P. Gizzo

MPG/ab

Hon. Mark W. Pedersen
February 10, 2020
Page 4

41758599.1