UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN FRISBIE, et al.,

                           Plaintiffs,               DECISION AND ORDER

                           -vs-                    17-CV-6270-FPG-MJP

FEAST AMERICAN DINERS, LLC, et al.,

                           Defendants.

**Pedersen, M.J.** This is a conditionally certified collective action under the Fair Labor Standards Act ("FLSA"). The issue before the Court is whether Defendants should be permitted to depose the 20[1] individuals who opted to join the collective action ("opt-in Plaintiffs") or whether representative discovery should be conducted, as Plaintiffs contend. For the reasons stated below, the Court will permit Defendants to depose one opt-in Plaintiff from each of the sixteen restaurant locations.

## BACKGROUND

On April 28, 2017, Plaintiff John Frisbie ("Frisbie"), individually and on behalf of all other persons similarly situated, commenced the present action to "recover unpaid overtime compensation under FLSA for Frisbie and other current and former Assistant Managers, and similarly situated current and

---

[1] Defendants assert that there are 19 opt-in Plaintiffs, whereas Plaintiffs assert that there are 20 opt-in Plaintiffs. The Court adopts Plaintiffs' larger number for purposes of deciding this issue.

former employees holding comparable positions but different titles" who worked over forty hours in a given workweek at any Denny's restaurant nationwide for a stated time period. (ECF No. 1.) In June, 2019, this Court granted Plaintiffs' motion for conditional certification of a collective action. (ECF No. 74).[2]

On January 29, 2020, Plaintiffs filed a Joint Status Report in which they indicated that, while the parties had reached agreements on certain aspects of discovery, they disputed whether Defendants should be permitted to conduct individual discovery on each opt-in Plaintiff, or if Defendants should only be permitted to conduct representative discovery of a portion of the collective. (ECF No. 90.) The parties requested Court intervention to help resolve this dispute. (*Id.*) In response to the Status Report, the Court directed each party to provide the Court with a letter outlining their respective position as to why it should/should not permit Defendants to conduct individual discovery of those individuals who opted to join the collective action. (ECF No. 91.)

On February 10, 2020, both parties submitted letters outlining their positions. Plaintiffs assert that representative discovery is appropriate in this case. (ECF No. 93.) Plaintiffs suggest that Defendants take the depositions of 9 opt-in Plaintiffs with the option of conducting addition additional depositions if there is a reason that those depositions are insufficient. (*Id.*) Two Plaintiffs

---

[2] Plaintiff Frisbie initially moved for conditional certification in August, 2018, which was denied. (ECF Nos. 47 & 57.) Plaintiffs filed another motion for conditional certification of a collective action in March, 2019. (ECF Nos. 59 & 61.)

2

have already been deposed in this case – John Frisbie and Rebecca Russell. (*Id.*) Plaintiffs assert that by permitting Defendants to conduct 9 additional depositions would ultimately result in depositions of over 50% of Plaintiffs, which it asserts comports with the FLSA jurisprudence and Federal Rule of Civil Procedure 26's proportionality limits. (*Id.*) Plaintiffs assert that the purpose of the FLSA mechanism is to pool resources and reduce costs to Plaintiffs and provides a more efficient resolution of many claims in one proceeding. (*Id.*) Plaintiffs further assert that "[t]he burdens of deposing all opt-in plaintiffs far exceed the purported benefit, particularly when also considering [Defendants'] superior access to much of the information and its resources." (*Id.* at 4.) Finally, Plaintiffs highlight that Plaintiff Frisbie has asserted a violation of New York State Labor Law, that "the vast majority" of the opt-in Plaintiffs would also be absent members with respect to that claim, and that discovery of absent class members is disfavored. (*Id.*)

Defendants assert that individualized discovery is the more appropriate route because of the "comparatively few plaintiffs that have opted into the FLSA collective." (ECF No. 92.) Defendants indicate that they intend to seek decertification, which will depend on whether Plaintiffs are truly similarly situated. (*Id.*, at 1–2.) For this reason, Defendants argue that the classification issue in this case is "highly fact-sensitive" and that individual discovery is necessary. (*Id.*, at 1.) Defendants also contend that Plaintiffs have not demonstrated that conducting 20 depositions would be burdensome. (*Id.* at 3.)

Defendants assert that they should be permitted to depose all opt-in Plaintiffs, but argues that if this is not permitted, it should be able to take the depositions of 16 opt-in Plaintiffs – one Plaintiff from each of the 16 restaurant locations. (*Id.* at 3.) At the very least, Defendants seek to depose the statutorily permitted 10 depositions pursuant to Federal Rule of Civil Procedure 30. (*Id.* at 3.)

## ANALYSIS

While "[a] party must be afforded a meaningful opportunity to establish the facts necessary to support his claim," *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008), the Court has broad discretion to limit discovery, particularly when such discovery may be duplicative, more readily obtained from another source, or when the burden or expense outweighs the benefits of the discovery. Fed. R. Civ. P. 26(b)(2)(C). See also *S.E.C. v. Rajaratnam,* 622 F.3d 159, 181 (2d Cir.2010) ("The right of access to discovery materials is frequently qualified in the interest of protecting legitimate interests."). In determining how much discovery should be permitted, courts must balance the need for information, the information's importance in resolving the issues and the relief requested with the burden of discovery. Fed. R. Civ. P. 26(b)(2)(C).

"Generally, there are two lines of cases regarding individualized discovery in opt-in class actions: one allowing all opt-in plaintiffs to be subject to discovery and one allowing only a sample of opt-in plaintiffs to be subject to discovery." *Forauer v. Vermont Country Store, Inc.*, No. 5:12–cv–276, 2014 WL

4

2612044, at *2 (D. Vt. June 11, 2014) (internal quotations & citations omitted). Those decisions requiring all opt-in plaintiffs to respond to discovery have done so because such plaintiffs ought to be treated as "ordinary party plaintiffs subject to the full range of discovery permitted by the Federal Rules of Civil Procedure[,]" and under the two-step process for conditional certification/decertification, "it is essential for a defendant to take individualized discovery of the opt-in plaintiffs to determine if they are 'similarly situated' within the meaning of [the] FLSA." *Id.* at *3 (internal quotations & citations omitted).

Courts taking the opposite position have held that "collective actions under the FLSA should be governed by the same standards as govern discovery in [Fed. R. Civ. P. 23] class actions [,]" in which "individualized discovery ... would undermine the purpose and utility of both class and collective actions." *Id., at *2 (*quoting *Smith v. Lowe's Home Ctrs., Inc.,* 236 F.R.D. 354, 357 (S.D. Ohio 2006). Further, courts taking this position also indicate that it "would be unreasonably burdensome and wasteful of the parties' and the court's resources" to permit individualized discovery. *Id.* at *2 (internal quotations & citations omitted). In the latter circumstance, "particularly when the opt-in plaintiffs are numerous[,]" courts permit discovery only from "a statistically significant representative sampling" of plaintiffs. *Id.* (internal quotations & citations omitted). See also *Wellens v. Daiichi Sankyo Inc.*, No. C–13–581–WHO (DMR), 2014 WL 7385990, at *2–4 (N.D. Cal. Dec. 29, 2014) ("the total

number of unique Plaintiffs from whom Defendant will have the opportunity to obtain evidence on issues pertinent to the propriety of class treatment will be approximately 99, representing 40% of the class" where there were 248 plaintiffs); *Bonds v. GMS Mine Repair & Maintenance, Inc.*, No. 13–cv–1217, 2014 WL 6682475, at *2 (W.D. Pa. Nov. 25, 2014) (permitting 5 written interrogatories to be served on all 157 opt-in plaintiffs, permitting Defendant to then select 20 Plaintiffs to respond to an additional 10 interrogatories, 8 document requests, and be deposed.); *O'Toole v. Sears Roebuck & Co.*, No. 11 C 4611, 2014 WL 1388660, at *2 (N.D. Ill. April 10, 2014) (written discovery limited to 33% of the opt-in plaintiffs and permitting defendant to depose up to 10% of the opt-ins); *Scott v. Bimbo Bakeries, Inc.*, No. 10–3154, 2012 WL 6151734, at *4–6 (E.D. Pa. Dec. 11, 2012) (interrogatories permitted to be served on no more than ten percent of the final total of opt-ins, which numbered 650 at the time of the decision, and defendant permitted to depose 15 to 20 opt-in plaintiffs.).

However, "[i]n an FLSA collective action where the plaintiff class is small and the discovery is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA, individualized discovery is often permitted." *Strauch v. Computer Scis. Corp.*, No. 14 CV 956 JBA, 2015 WL 540911, at *1–2 (D. Conn. Feb. 10, 2015) (citations omitted). *See, e.g. Forauer*, 2014 WL 2612044, *2 (permitting depositions of all 24 opt-in plaintiffs in FLSA action); *Daniel v. Quail Int'l, Inc.*,

6

No. 3:07-CV-53 (CDL), 2010 WL 55941, at *1 (M.D. Ga. Jan. 5, 2010) (permitting individualized discovery of the 39 opt-in Plaintiffs); *Ingersoll v. Royal & Sunalliance USA, Inc.,* No. C05–1774–MAT, 2006 WL 2091097, at *2 (W.D. Wash. July 25, 2006) (approving individualized discovery of 34 opt-in plaintiffs relevant to defendant's anticipated motion to decertify); *Renfro v. Spartan Computer Servs., Inc.,* No. 06–2284–KHV, 2008 WL 821950, at *3 (Mar. 26, 2008) (ruling that defendants could depose 27 FLSA opt-in plaintiffs); *Coldiron v. Pizza Hut, Inc.,* No. CV03–05865TJHMCX, 2004 WL 2601180, at *2 (C.D. Cal. Oct.25, 2004) (granting motion to compel individualized discovery of 306 FLSA opt-in plaintiffs); *Krueger v. N.Y. Tel. Co.,* 163 F.R.D. 446, 451 (S.D.N.Y. 1995) (permitting individualized discovery on damages as to all 162 ADEA class members); *Rosen v. Reckitt & Colman, Inc.*, No. 91 CIV. 1675 (LMM), 1994 WL 652534, at *2 (S.D.N.Y. Nov. 17, 1994) (permitting depositions of 50 FLSA/ADEA opt-in plaintiffs).

"Although there is far from a 'bright line' test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling." *Lloyd v. J.P. Morgan Chase & Co.,* No. 11 CIV. 9305 LTSHBP, 2015 WL 1283681, at *3 (S.D.N.Y. Mar. 20, 2015) *(*citations omitted*).*

Plaintiffs ask the Court to limit individualized discovery in this action to 11 individuals, or approximately 50% of the collective. However, given the

7

small size of the collective and the basic inquiry of whether Plaintiffs are similarly situated, conducting individualized discovery appears to be the appropriate route in this case. Such discovery is also appropriate based upon Defendants' stated intention to seek decertification. In addition, Plaintiffs' bare bones assertion that the burden of deposing all opt-in Plaintiffs far exceeds the purported benefit is insufficient. Plaintiffs contend that Defendants have "superior access to much of the information and its resources it seeks," but not do provide any further explanation beyond these bald statements in support of this claim.

However, despite the Court's findings that this is an appropriate case for individualized discovery, given the representations in the parties' February 10, 2020, correspondence, the Court finds that Defendants are permitted to conduct 16 depositions, deposing one opt-in Plaintiff from each of the 16 different restaurant locations.

**IT IS SO ORDERED.**
DATED:    May 7, 2020
          Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge